Norman GOTCHER, Jr., Plaintiff–Appellant,

v.

Richard MORGAN; et al., Defendants–Appellees.

No. 01–25635.

D.C. No. CV–01–05023.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Norman Gotcher, Jr., a Washington state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his placement in administrative segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and affirm.

Because Gotcher does not have a liberty interest in avoiding placement in administrative segregation, the district court prop-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

erly dismissed his due process claims with prejudice. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir.1997). Moreover, because Gotcher was disciplined with the revocation of good-time credits and did not demonstrate that this discipline had been vitiated by a state-court proceeding, the district court properly dismissed these claims. *See Edwards v. Balisok,* 520 U.S. 641, 646–47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

We also affirm the district court's dismissal with prejudice of Gotcher's access-to-the-courts claims. *See Lewis v. Casey,* 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Finally, because Gotcher admitted in his objections to the magistrate judge's report and recommendation that he had not exhausted his claims regarding his inmate trust account, we conclude that the district court properly dismissed these claims without prejudice. *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

We reject Gotcher's remaining contentions on appeal.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Barnett's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.